```
               IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW JERSEY
```

```
-------------------------------------
                                     :
 GLORIA DAVIS,                       :
                                     :
           Plaintiff,                :  CIVIL NO. 07-356(NLH)
                                     :
      v.                             :
                                     :          OPINION
 COMMISSIONER OF                     :
 SOCIAL SECURITY,                    :
                                     :
           Defendant.                :
                                     :
-------------------------------------
```

**APPEARANCES:**

William A. Sheehan, Esquire
24 South Broad Street
Woodbury, NJ 08096

    Attorney for Plaintiff

Christopher J. Christie
United States Attorney
    By:  Susan Reiss, Esquire
        Special Assistant United States Attorney
Social Security Administration
Office of the General Counsel
26 Federal Plaza, Room 3904
New York, NY 10278

    Attorney for Defendant

**HILLMAN**, District Judge

    This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to review the final decision of the Commissioner of the Social Security Administration, denying the application

of Plaintiff for Disability Insurance Benefits and Supplemental Security Income ("Social Security benefits") under Title II and Title XVI of the Social Security Act. 42 U.S.C. § 401, et seq. The issue before the Court is whether the Administrative Law Judge ("ALJ") erred in finding that there was "substantial evidence" that Plaintiff was not disabled during the time since her alleged onset date of disability, February 10, 2000, through December 2001.[1] For the reasons stated below, this Court will affirm that decision.

I.   **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff, Gloria Davis, held various jobs, including positions in customer service and data entry, prior to February 10, 2000, at which time she claims she could no longer work due to rheumatoid arthritis and hyperthyroidism. Plaintiff applied for Social Security benefits on May 23, 2002, and after a hearing, an ALJ determined that Plaintiff was not disabled during the period at issue. Plaintiff appealed the decision. The Appeals Council denied a request for review. Plaintiff now seeks this Court's review

---

[1]On the date Plaintiff applied for disability benefits, May 23, 2002, she also applied for Social Security Income (SSI) benefits. Plaintiff was found disabled for purposes of SSI and began receiving SSI benefits in June 2002.

pursuant to 42 U.S.C.A. § 405(g).

## II.  DISCUSSION

### A.    Standard of Review

Under 42 U.S.C. § 405(g), Congress provided for judicial review of the Commissioner's decision to deny a complainant's application for Disability Insurance Benefits. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995).  A reviewing court must uphold the Commissioner's factual decisions where they are supported by "substantial evidence."  42 U.S.C. §§ 405(g), 1383(c)(3); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992).  Substantial evidence means more than "a mere scintilla."  Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id.  The inquiry is not whether the reviewing court would have made the same determination, but whether the  Commissioner's conclusion was reasonable.  See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

A reviewing court has a duty to review the evidence in its totality.  See Daring v. Heckler, 727 F.2d 64, 70 (3d

Cir. 1984). "[A] court must 'take into account whatever in the record fairly detracts from its weight.'" Schonewolf v. Callahan, 972 F. Supp. 277, 284 (D.N.J. 1997) (quoting Willbanks v. Secretary of Health & Human Servs., 847 F.2d 301, 303 (6th Cir. 1988) (quoting Universal Camera Corp. V. NLRB, 340 U.S. 474, 488 (1951)).

The Commissioner "must adequately explain in the record his reasons for rejecting or discrediting competent evidence." Ogden v. Bowen, 677 F. Supp 273, 278 (M.D. Pa. 1987) (citing Brewster v. Heckler, 786 F.2d 581 (3d Cir. 1986)). The Third Circuit has held that an "ALJ must review all pertinent medical evidence and explain his conciliations and rejections." Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 122 (3d Cir. 2000). Similarly, an ALJ must also consider and weigh all of the non-medical evidence before him. Id. (citing Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983)); Cotter v. Harris, 642 F.2d 700, 707 (3d Cir. 1981).

The Third Circuit has held that access to the Commissioner's reasoning is indeed essential to a meaningful court review:

> Unless the [Commissioner] has analyzed
> all evidence and has sufficiently
> explained the weight he has given to

> obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978). Although an ALJ, as the fact finder, must consider and evaluate the medical evidence presented, Fargnoli, 247 F.3d at 42, "[t]here is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record," Hur v. Barnhart, 94 Fed. Appx. 130, 133 (3d Cir. 2004). In terms of judicial review, a district court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams, 970 F.2d at 1182. Moreover, apart from the substantial evidence inquiry, a reviewing court is entitled to satisfy itself that the Commissioner arrived at his decision by application of the proper legal standards. Sykes, 228 F.3d at 262; Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983); Curtin v. Harris, 508 F. Supp. 791, 793 (D.N.J. 1981).

**B.   Standard for Disability Insurance Benefits**

The Social Security Act defines "disability" for purposes of an entitlement to a period of disability and disability insurance benefits as the inability to engage in

5

any substantial gainful activity by reason of any medically determinable physical and/or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months.  See 42 U.S.C. § 1382c(a)(3)(A).  Under this definition, a plaintiff qualifies as disabled only if his physical or mental impairments are of such severity that he is not only unable to perform his past relevant work, but cannot, given his age, education, and work experience, engage in any other type of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.  42 U.S.C. § 1382c(a)(3)(B)(emphasis added).

    The Commissioner has promulgated regulations for determining disability that require application of a five-step sequential analysis.  See 20 C.F.R. § 404.1520.  This five-step process is summarized as follows:

    1.    If the claimant currently is engaged in substantial gainful employment, he will be found "not disabled."

    2.    If the claimant does not suffer from a "severe impairment," he will be found "not disabled."

6

3.  If the severe impairment meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and has lasted or is expected to last for a continuous period of at least twelve months, the claimant will be found "disabled."

4.  If the claimant can still perform work he has done in the past ("past relevant work") despite the severe impairment, he will be found "not disabled."

5.  Finally, the Commissioner will consider the claimant's ability to perform work ("residual functional capacity"), age, education, and past work experience to determine whether or not he is capable of performing other work which exists in the national economy.  If he is incapable, he will be found "disabled."  If he is capable, he will be found "not disabled."

20 C.F.R. § 404.1520(b)-(f).  Entitlement to benefits is therefore dependent upon a finding that the claimant is incapable of performing work in the national economy.

This five-step process involves a shifting burden of proof.  See Wallace v. Secretary of Health & Human Servs., 722 F.2d 1150, 1153 (3d Cir. 1983).  In the first four steps of the analysis, the burden is on the claimant to prove every element of his claim by a preponderance of the evidence.  See id.  In the final step, the Commissioner bears the burden of proving that work is available for the plaintiff: "Once a claimant has proved that he is unable to perform his former job, the burden shifts to the

Commissioner to prove that there is some other kind of substantial gainful employment he is able to perform." Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987); see Olsen v. Schweiker, 703 F.2d 751, 753 (3d Cir. 1983).

**C.   Analysis**

The ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset of her disability (Step One), and that her endocrine, renal, rheumatologic and cardiovascular impairments were severe (Step Two).  The ALJ found Plaintiff not disabled, however, because Plaintiff's impairments do not meet the medical equivalence criteria (Step Three), and she is capable of performing past relevant work (Step Four).

Plaintiff contends that the ALJ's decision that Plaintiff was not disabled was not supported by substantial evidence because the ALJ improperly concluded that she retained the capacity to perform her past relevant work, and because he failed to fully credit Plaintiff's subjective complaints.

To support her contention that the ALJ's finding was not supported by substantial evidence, Plaintiff first argues that the ALJ's conclusion that she "could sit up to eight hours or stand/walk for up to and including two hours

8

in an eight-hour work day, and she could lift/carry/push/pull objects weighing up to and including ten pounds occasionally (up to 1/3 of the time) or a negligible amount of weight frequently (from 1/3 to 2/3 of the time)" (R. at 20), was based solely on a form filled out by the state reviewing consultant, Dr. Atienza (R. at 260, 7F).  Plaintiff argues that the ALJ's reliance on this form was in error because it "is entirely at variance" with a report by Dr. Patel, who was another state consultant.  (Pl. Br. at 10.)  Thus, Plaintiff argues that the ALJ should have considered Dr. Patel's report, rather than the form, and if he had done so, he would have found that Dr. Patel's findings revealed that "a person with these findings . . . would not be able to sit for 6 hours out of an 8 hour day." (Pl. Br. at 12.)

    Plaintiff's argument is unavailing.  First, Plaintiff's contention that the ALJ's finding was based solely on the state consultant's form is not supported by the ALJ's decision.  The ALJ reviewed all of Plaintiff's medical evidence submitted for the relevant time period, including medical records from two of her treating physicians, as well as Dr. Patel's report.  (R. at 18-19.)  The ALJ also reviewed Plaintiff's testimony and the record of her

subjective complaints.  (R. at 19-20.)  No where does the ALJ indicate that his decision was based solely on the form completed by the state consultant.

Second, Plaintiff's contention that Dr. Patel's report demonstrates that Plaintiff was unable to work during the relevant time period, and based on this report, the ALJ should have found that Plaintiff was disabled, is also not supported by the record.  As a primary matter, Plaintiff does not contend that the ALJ did not give appropriate weight to her treating physicians, and she does not contend that the ALJ should have relied on her treating physicians over the state consultant, Dr. Patel.[2]  Rather, Plaintiff appears to be arguing that the ALJ should have interpreted Dr. Patel's examination findings to conclude that Plaintiff could not work, and completely discount the report of the other state consultant, Dr. Atienza.

Plaintiff's own interpretation of Dr. Patel's report cannot sustain a basis for remand.  Plaintiff extrapolates that Dr. Patel's examination of Plaintiff demonstrates her

---

[2]Social Security regulations provide that a treating physician will be afforded controlling weight as to the nature and severity of a claimant's impairment, but only if the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence of record.  See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); SSR 96-2p.

functional abilities and limitations.  Dr. Patel, however, did not make such conclusions.  Simply because a claimant has been deemed to have a certain diagnosis does not automatically mean that the claimant is unable to work. Instead, a claimant must show that the impairment has caused functional limitations that prevent her from engaging in any substantial gainful activity. See, e.g., Petition of Sullivan, 904 F.2d 826, 845 (3d Cir. 1990) (stating that a diagnosis of alcoholism without an examination of its severity and whether it is so severe that it prevented the claimant from engaging in substantial gainful employment is not sufficient to qualify a claimant for benefits).  Even though Dr. Patel's report states that Plaintiff had a reduced range of motion in her neck, back and knees, and tenderness in the joints of her arms and legs, Dr. Patel's report does not speak to whether Plaintiff is debilitated from engaging in any substantial gainful activity as a result of these ailments.

    Furthermore, Dr. Patel's report contains findings that support the ALJ's conclusion.  Dr. Patel reported that Plaintiff was able to fully extend her hands, make a fist, and oppose her fingers.  (R. at 257.)  Plaintiff was also able to flex and extend her cervical spine, as well as

11

rotate, to a degree. (R. at 258.) He also found that she was able to flex and extend her knees, walk without any assistive device, and she could walk on her heels and toes with minimal support. (R. at 257, 255.) Plaintiff does not explain how the ALJ should have interpreted these findings to conclude that she was totally disabled.

Finally, even if the ALJ relied heavily upon Dr. Atienza's "form," the ALJ was permitted to do so. "The findings of fact made by state agency medical consultants must be treated as expert opinion evidence of nonexamining sources at the ALJ and Appeals Council levels of administrative review," and "an ALJ may not ignore these opinions and must explain the weight given them." Neal v. Commissioner of Social Security, 57 Fed. Appx. 976, 979-80 (3d Cir. 2003) (citing SSR 96-6p). Dr. Atienza recognized Plaintiff's limitations, but concluded that she could stand or walk two hours of the work day, and she could sit six hours of a work day. (R. at 260.) A state agency medical assessment is given weight when it is supported by the evidence, id. (citing SSR 96-6p) and Plaintiff has not submitted evidence that counters the state agency consultant's assessment.

To further support her contention that the ALJ's

12

finding was not supported by substantial evidence, Plaintiff next argues that the ALJ failed to fully credit her subjective complaints.  This argument is also unavailing.

Allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. § 404.1529(c), and an ALJ may reject a claimant's subjective testimony if he does not find it credible as long as he explains why he is rejecting the testimony.  Schaudeck v. Comm'r of Social Security, 181 F.3d 429, 433 (3d Cir. 1999); SSR 96-7p.  The explanation of SSR 96-7p provides,

> No symptom or combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms.
> . . .
> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record.

SSR 96-7p.

Here, the ALJ did not find Plaintiff's subjective

13

complaints to be persuasive or consistent with medical evidence. After a lengthy dissertation of Plaintiff's subjective complaints, which were derived from testimony and written self-assessments (R. at 19), the ALJ found,

> The claimant's testimony was not fully consistent with the medical evidence--at least not to the disabling extent alleged. In fact, the medical signs and findings suggest that the intensity, persistence and functionally limiting effects of her symptoms only minimally affected her ability (during the period at issue) to engage in substantial gainful activity at the Sedentary level. To that extent, the [ALJ] finds that the claimant's subjective complaints are not fully corroborated by the objective medical evidence, are inconsistent with the record, and are not given substantial weight; and they are inconsistent with "disability." The [ALJ] has also considered the claimant's poor work history in making this evaluation.

(R. at 20.)

Plaintiff makes the statement that her subjective complaints found in the record are "entirely consistent with the only medical source examining the claimant with disability in mind, that of Dr. Patel." (Pl. Br. at 14.) Even if that is true, as discussed above, Dr. Patel reported his examination findings, and did not conclude that Plaintiff was totally disabled. Thus, even if Plaintiff's subjective complaints were consistent with Dr. Patel's findings, they do not speak to her functional limitations.

14

Moreover, Plaintiff does not dispute that the ALJ considered her subjective complaints, but rather disagreed with the weight he gave them. The ALJ was permitted to give them little weight, because he explained why he rejected her testimony. Schaudeck, 181 F.3d at 433.

### III. Conclusion

For the reasons expressed above, the ALJ's determination that Plaintiff was not totally disabled is supported by substantial evidence. Accordingly, the decision of the ALJ is affirmed. An accompanying Order will be issued.


Date: March 25, 2008           s/ Noel L. Hillman

At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.